**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUNFARMS, LLC, a Delaware Limited
Liability Company; MITCH DMOHOWSKI,

Plaintiffs-Appellants,

v.

EURUS ENERGY AMERICA
CORPORATION, a Delaware Corporation;
TOYOTA TSUSHO AMERICA, INC., AKA
Toyota Tsusho America, a New York
Corporation,

Defendants-Appellees,

and

EE WAIANAE SOLAR PROJECT, LLC;
TOYOTA TSUSHO CORPORATION;
ROBERT EISEN; SATOSHI TAKAHATA;
EURUS ENERGY AMERICA, INC.

Defendants.

No. 22-56049

D.C. No.
3:18-cv-00058-L-AGS

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted January 8, 2024
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON, MELLOY,** and H.A. THOMAS, Circuit Judges.

Appellant Mitch Dmohowski and his company, Sunfarms, LLC (collectively, "Sunfarms"), appeal the district court's grant of summary judgment to Eurus Energy America Corporation ("Eurus") and Toyota Tsusho America, Inc. ("TTAI") on claims arising from alleged breaches of a Consulting Services Agreement ("CSA"). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). We affirm.

1. Sunfarms claims that Eurus breached the royalty agreement in the CSA by substituting itself in the place of the EE Waianae Solar Project, LLC Project Company. To prevail on a breach of contract claim, an appellant must provide "competent evidence of actual damages suffered, as opposed to speculative damages." *Cal. Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 42 (1985). Sunfarms fails to provide evidence that it has or is likely to suffer actual damages. Since 2018, Eurus has fully paid, and Sunfarms has accepted, all annual royalty payments pursuant to the terms of the royalty agreement. And Eurus

---

** The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

2

conceded at oral argument that a breach of contract action will lie against it if it fails to make such payments.

2. Sunfarms argues that Eurus breached the implied covenant of good faith and fair dealing during precontractual negotiations by requesting that Sunfarms waive the implied covenant. But the implied covenant does not apply during non-compulsory contract negotiations, *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1260 (2002). And the record does not indicate that negotiations between Sunfarms and Eurus were compulsory. As such, the covenant of good faith and fair dealing did not attach until the contract was formed, which was after the request had been made. *Id*.

3. Sunfarms also argues that Eurus breached the CSA by refusing to provide Sunfarms with a $500,000 termination payment because the Palehua Wind & Solar Project was allegedly "shortlisted" for a Power Purchase Agreement with the Hawaiian Electric Company ("HECO") at the time the CSA was terminated. A contract's words are to be understood "in their ordinary and popular sense," Cal. Civ. Code § 1644, and "evidence of usage and custom may be introduced as an instrument of interpretation," *Shenson v. Cnty. of Contra Costa*, 89 Cal. App. 5th 1144, 1172 (2023). Here, the district court did not err in determining that Eurus was not shortlisted.

4. Finally, Sunfarms argues that Eurus breached the implied covenant of good faith and fair dealing by pursuing bilateral negotiations with HECO. Sunfarms has waived this argument by failing to raise it in district court. Thus, we decline to review it, *People v. Lowery*, 43 Cal. App. 5th 1046, 1054 (2020).

Because we hold that Eurus did not breach the CSA, TTAI cannot be held vicariously liable for Eurus's conduct.

**AFFIRMED.**